[No. 20842. In Bank.— October 29, 1891.]

## THE PEOPLE, RESPONDENT, *v.* J. W. SCOTT, APPELLANT.

PETITION TO PROVE EXCEPTION — DISALLOWANCE OF EXCEPTION WITHOUT PREJUDICE — REVERSAL OF RULING. — Upon the hearing of a petition to the supreme court for leave to prove an exception alleged to have been taken by the petitioner at the trial, but which it is alleged the judge refused to allow, where it appears that the judge did first sustain the objection to which ruling the petitioner excepted, but that the judge afterward reversed his ruling, and allowed the question and others of a similar character to be asked, the petition will be denied, as the petitioner could not have been prejudiced by the refusal to allow the exception in accordance with the facts.

ID. — IMMATERIAL DIFFERENCES OF FACT.— When it is not averred in the petition that the judge refused to allow exceptions mentioned, but it merely appears that there are slight and immaterial differences between the petitioner and judge as to the circumstances under which the exceptions were taken, the petition will be denied.

APPLICATION to the Supreme Court for leave to prove an exception. The facts are stated in the opinion of the court.

*Charles S. Harker*, for Petitioner.

*Henry C. Gesford, contra.*

McFARLAND, J. — This is an application by appellant to this court for leave to prove certain exceptions alleged to have been taken by him at the trial, and which, it is alleged, the judge of the trial court refused to allow in the bill of exceptions settled by him.

The alleged crime for which petitioner was tried was an assault with intent to commit murder upon the person of one Vaughn; and it is averred in the petition, first, that upon cross-examination petitioner's counsel asked Vaughn this question: "Did you ever threaten this man's life?" that counsel for the people objected to the question; that the objection was sustained, and that petitioner excepted to the ruling; and that the court refused to put said exception into the bill, but, on the contrary, settled said bill so as to show that said objection was overruled. It appears, however, by the answer of the judge and the admissions of the parties on the argument of this petition, that the facts about the matter were these: The judge did first sustain said objection, but soon afterward, becoming satisfied that his ruling was wrong, he reversed it, and allowed the question and others of a substantially similar character to be asked. The presiding judge would no doubt have been more strictly accurate if he had complied with petitioner's motion, and have put into the bill, first, his ruling sustaining the objection, and then his subsequent ruling denying it (and he would have saved thereby a good deal of trouble); but conceding everything peti-

tioner contends for, no real injustice was done to him, and the matter is not of sufficient importance to require further action in the premises.

As to the other matters set forth in the petition, it is not averred that the court refused to allow the exceptions mentioned. It merely appears that there are slight differences between the presiding judge and petitioner as to the precise circumstances under which the exceptions were taken, which do not seem to us to be material.

The prayer of the petition is denied, and the proceeding dismissed.

HARRISON, J., GAROUTTE, J., DE HAVEN, J., SHARP-STEIN, J., and PATERSON, J., concurred.